ELLEN F. ROSENBLUM
Attorney General
DREW K. BAUMCHEN #045032
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Drew.Baumchen@doj.state.or.us

Attorneys for Defendant Terri Davie

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PHILIP WOLFE, KATALINA DURDEN, MELISSA LEWIS, JUNIPER SIMONIS, individually, and DISABILITY RIGHTS OREGON, an Oregon nonprofit and advocacy corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF PORTLAND, a municipal corporation; TED WHEELER, in his official capacity; CHUCK LOVELL, in his official capacity; MULTNOMAH COUNTY, a political subdivision of the State; MICHAEL REESE, in his official capacity; TERRI DAVIE, in his official capacity; ALEJANDRO MAYORKAS,[1] in his official capacity; CHAD WOLF, in his individual capacity; DONALD WASHINGTON, in his individual and official capacity; and DOES 1-100, individual and supervisory officers of local, state, and federal government,<br><br>        Defendants. | Case No. 3:20-cv-01882-SI<br><br>STIPULATED PROTECTIVE ORDER |

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretary of Homeland Security Alejandro Mayorkas in his official capacity is automatically substituted as a Defendant in this case.

**STIPULATED PROTECTIVE ORDER**

Plaintiffs Philip Wolfe, Katalina Durden, Melissa Lewis, Juniper Simonis, Disability Rights Oregon ("Plaintiffs") and the City of Portland, Ted Wheeler, Chuck Lovell, Multnomah County, Michael Reese, Terri Davie, Alejandro Mayorkas, Chad Wolf, and Donald Washington ("Defendants") (collectively, the "parties"), have requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns the actions taken by law enforcement officers in response to protests occurring in Portland, Oregon, from May 29, 2020 through present (the "protests"). *See* Compl. (ECF No. 1) ¶¶ 30, 72. The parties expect to exchange documents and information including, among other things, (1) photographs and video related to protests that are the subject of this lawsuit that may implicate officer safety; (2) law-enforcement sensitive training materials maintained by Defendants, including any training materials specific to a particular officer; (3) law enforcement records and/or documents maintained by Defendants referencing medical and/or other personally identifiable information and confidential information of nonparties to this action; (4) law enforcement records and/or documents maintained by Defendants describing tactical and strategic decisions related to crowd management and crowd control, including incident action plans; (5) personally identifiable information, as well as other personal and private information of individuals in attendance at protests, including potential witnesses to the events that are the subject of this lawsuit; and (6) personnel files.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1.  All documents, testimony, and other materials produced by the parties in this case

and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2.      Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any purpose other than litigating or attempting to settle this case. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to whether any specific information or document was properly disclosed, the burden shall be on the disclosing party to show that such information or document was lawfully obtained through means and sources outside of this litigation.

3.      The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

4.      If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.
*or*

ATTORNEYS' EYES ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," even if that information is incorporated in another document or compilation, then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within fourteen calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure. If the name of an individual has been designated as "Confidential" or "Attorney' Eyes Only," the parties may refer to such person in public filings by a pseudonym (including, where appropriate, unique law enforcement identifiers).

5. Within thirty (30) calendar days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6. "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the

Page 4 -   STIPULATED PROTECTIVE ORDER
DB7/mm8/36045227

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Court.

7. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

    e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

    f. The authors and the original recipients of the documents.

    g. Any court reporter or videographer reporting a deposition.

    h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g), and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9. Prior to being shown any documents produced by another party marked

Page 5 -    STIPULATED PROTECTIVE ORDER
DB7/mm8/36045227

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

"Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A. In the event any person listed in paragraphs 7(c), or 7(d) refuses to sign the confidentiality agreement form with respect to discovery material designated as "Confidential" or "Attorneys' Eyes Only," no such information may be disclosed to such person, except (1) when otherwise ordered by the Court, or (2) with the prior written consent of the producing party that originally designated such information as "Confidential" or "Attorneys' Eyes Only" and subject to any procedures that the producing party may require to maintain the confidentiality of such covered information.

10. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

Page 6 -   STIPULATED PROTECTIVE ORDER
DB7/mm8/36045227

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

12. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14. Upon the request of the producing party or third party, within 30 calendar days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel.

15. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony

Page 7 -   STIPULATED PROTECTIVE ORDER
DB7/mm8/36045227
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

or other information.

16.     Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17.     Discovery in this case may involve the production of documents in the possession of the United States of America that are maintained in a government system of records. These records may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), or otherwise contain sensitive personal information, including personally identifiable information. Discovery may also involve the production of documents and information relating to sensitive law enforcement materials, investigative techniques, and undercover agents. The United States, its agencies, and employees, including its counsel, are authorized, under 5 U.S.C. § 522a(b)(11), to release in discovery information and documents that would otherwise be protected from disclosure under the Privacy Act.

18.     Nothing in this Protective Order shall limit the parties' right to disclose their own Confidential Information. Nothing in this Order shall be construed to restrict in any way the use of any federal records by any federal agency or federal employee in the ordinary course of business consistent with applicable statutes and regulations.

19.     Nothing in this Protective Order shall preclude the parties from seeking amendments to expand or restrict the rights of access to and use of materials designated "Confidential" or "Attorneys' Eyes Only," subject to order by the Court.

20.     This Protective Order does not constitute a waiver of the parties' right to assert any privilege or protection—including but not limited to the attorney-client privilege, attorney work product, or law enforcement privilege—as to any materials disclosed pursuant to this Protective Order or otherwise.

21.     The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

Page 8 -    STIPULATED PROTECTIVE ORDER
DB7/mm8/36045227
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

22. A large volume of documents may be exchanged through discovery in this lawsuit, and the parties want to expedite the review and delivery of such documents. It is agreed that if either party discloses privileged information and/or protected trial preparation materials, the parties understand that there will be no waiver of privilege and/or protection. A party may assert the privilege and/or protection at any time in the litigation. After being notified of the privilege or protection, the other party (a) must promptly return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it before being notified, and (c) may not further use or discloses the information. A party opposing the claim of privilege and/or protection must promptly present the information to the court under seal for a determination of the claim. Absent an expressed intent to waive, the presumption will be in favor of privilege and/or protection.

**IT IS SO STIPULATED** this   24   day of February, 2021.

| | |
|---|---|
| *s/ John C. Clarke*<br>BRUCE L. CAMPBELL #925377<br>JOHN C. CLARKE #153245<br>Of Attorneys for Plaintiffs | *s/ Drew K. Baumchen*<br>DREW K. BAUMCHEN #045032<br>Of Attorneys for Defendant Terri Davie |
| *s/ Daniel Simon*<br>DANIEL SIMON #124544<br>Of Attorneys for Defendants City of Portland, Ted Wheeler, and Chuck Lovell | *s/ Christopher Gilmore*<br>CHRISTOPHER GILMORE #980570<br>Of Attorneys for Defendants Multnomah County and Michael Reese |
| *s/ Michael Patrick Clendenen*<br>MICHAEL P. CLENDENEN DC #1660091<br>Of Attorneys for Defendants Alejandro Mayorkas and Donald Washington in their official capacities | *s/ Glenn S. Greene*<br>GLENN S. GREENE NY #2674448<br>Of Attorneys for Defendants Chad Wolf and Donald Washington in their individual capacities |

Page 9 -   STIPULATED PROTECTIVE ORDER
DB7/mm8/36045227

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

    DATED: February 25, 2021

                                                  /s/ Michael H. Simon  
                                                  HONORABLE MICHAEL H. SIMON  
                                                  U. S. District Court Judge

Submitted by:  Drew K. Baumchen  
                      Senior Assistant Attorney General  
                      Attorneys for Defendant

Page 10 -   STIPULATED PROTECTIVE ORDER  
        DB7/mm8/36045227  
                              Department of Justice  
                              1162 Court Street NE  
                              Salem, OR 97301-4096  
                            (503) 947-4700 / Fax: (503) 947-4791

# EXHIBIT A

I, _____, have been advised by counsel of record for

_____in _____of the

protective order governing the delivery, publication, and disclosure of confidential documents

and information produced in this litigation. I have read a copy of the protective order and agree

to abide by its terms.

_____
Signed

_____
Printed

_____
Name Date