JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Christopher A. Gilmore, OSB No. 980570
Senior Assistant County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone:  (503) 988-3138
Facsimile:  (503) 988-3377
Email: chris.gilmore@multco.us
   *Of Attorneys for Defendants Multnomah County*
   *and Michael Reese*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| **PHILIP WOLFE, KATALINA DURDEN, MELISSA LEWIS, JUNIPER SIMONIS,** individually, and **DISABILITY RIGHTS OREGON,** an Oregon nonprofit and advocacy corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF PORTLAND,** a municipal corporation; **TED WHEELER,** in his official capacity; **CHUCK LOVELL,** in his official capacity; **MULTNOMAH COUNTY**, a political subdivision of the State; **MICHAEL REESE**, in his official capacity; **TRAVIS HAMPTON**, in his official capacity;  **CHAD WOLFE**, in his individual and official capacity; **DONALD WASHINGTON**, in his individual and official capacity; and **DOES 1-100**, individual and supervisory officers of local, state, and federal government,<br><br>Defendants. | Civil No. 3:20-cv-01882-SI<br><br>DEFENDANTS MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S MOTION TO DISMISS<br><br>FRCP 12(b)(1) and (6)<br><br>**Oral Argument Requested** |

Page 1 – DEFENDANTS MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S
     MOTION TO DISMISS

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with Plaintiffs in a good faith effort to resolve the issues but they remain unresolved at the time of the filing of this motion.

**MOTION**

Defendants (hereinafter "the Multnomah County Defendants") move this court pursuant to FRCP 12(b)(1) & (6) to dismiss all claims for: (1) failure to state any factual allegations that the Multnomah County Defendants engaged in any conduct that caused Plaintiffs Philip Wolfe, Katalina Durden, and Juniper Simonis any harm, (2) failure to state a claim as to Plaintiff Melissa Lewis because the single incident alleged by Melissa Lewis fails to rise to the level of a constitutional harm, and (3) lack of standing to seek injunctive relief. This Motion comes on the heels of a Request for a Preliminary Injunction which addresses the claims, in part, on the merits, and includes a record regarding the facts of this case. To the extent that record is necessary to resolve the single factual allegation supporting a claim by Plaintiff Melissa Lewis, we ask this court to treat this Motion to Dismiss as one for summary judgment.

The memorandum below offers points and authorities in support of this motion.

**MEMORANDUM**

**A.    NATURE OF THE CASE**

The claims that are the basis for the case and a response to the claims on the merits is offered in detail in Multnomah County Defendants' Response to Plaintiffs' Request for a Preliminary Injunction. The claims and arguments are incorporated as if fully set forth herein.

Page 1 – DEFENDANT MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S
          MOTION TO DISMISS

B.        MATERIALS FACTS

In this case it is the absence of factual allegations against the Multnomah County

Defendants that is significant. To be clear many of the facts are not material. For that reason the

allegations of Plaintiffs Philip Wolfe, Katalina Durden and Juniper Simonis are not restated

because they do not identify any conduct on behalf of a MCSO deputy that caused them harm.

Plaintiffs offer two paragraphs in the Complaint suggesting the law enforcement response

was coordinated apparently in an effort to show that the Multnomah County Defendants are

somehow liable for the conduct of other law enforcement agencies.

The first is paragraph 177 which states:

> "The PPB, DHS, U.S. Marshals, OSP, and MCSO have all
> responded with force to various protests in the City of Portland
> since May 2020. Defendants have often collaborated and worked
> jointly in devising responses to specific protests."

Complaint, ¶ 177. The second is paragraph 178 which states:

> "For instance, in September 2020, federal authorities deputized
> dozens of members of both PPB and MCSO to serve as federal
> deputies in responding to these protests. Fifty OSP troopers were
> federally deputized in August 2020 for the purpose of allowing
> joint operations between OSP and the federal authorities. Oregon
> Governor Kate Brown has on some occasions created a unified
> command allowing joint command and control for OSP and
> MCSO in responding to protests. Protesters have witnessed
> obviously coordinated action between federal and local authorities
> in responding to the protests."

Complaint, ¶178.

The only allegation naming a deputy sheriff for Multnomah County is stated in

paragraphs 93 and 94 as follows:

> "93. On or about August 9, 2020, Melissa attended a protest at the
> Justice Center. Multnomah County Sheriffs' deputies forcibly
> removed her from the area, along with other press and protesters,

Page 2 – DEFENDANT MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S
         MOTION TO DISMISS

so officers would have a clear path to the parking lot. The deputies
provided no warning before they began screaming at the group to
move, striking them, and pushing them hard with batons.

94. Melissa complied with the deputies' directions, and she was on
the sidewalk, where a temporary restraining order said she had a
right to be. Nonetheless, the deputies pulled Melissa by her
backpack, shoved her shoulders, and struck her ribs with a baton
for not moving quickly enough. But Melissa feared that she might
twist her ankle or worse if she moved any faster. When Melissa
told the deputies she was complying, they told her to turn around
and stop filming. At no time did the deputies communicate to
Melissa, other members of the press, or the protesters where they
should be; instead, the deputies pushed, pulled, and jabbed them
with batons."

Complaint, ¶¶93 and 94.

## C.    STANDARD OF REVIEW

Under Rule 12(b)(6), courts must dismiss complaints that do not allege sufficient facts to

demonstrate a plausible entitlement to relief. "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). This plausibility showing "demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation," and it "asks for more than a sheer possibility that the

defendant has acted unlawfully." *Id*. and *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1137 (9th

Cir. 2019).

Likewise, for a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), this

court must "accept as true all facts alleged in the complaint and construe them in the light most

favorable to plaintiffs," and determine "whether the allegations are sufficient as a legal matter to

invoke the court's jurisdiction." *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d

1152, 1157 (9th Cir. 2017).

Page 3 – DEFENDANT MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S
             MOTION TO DISMISS

### D.    FAILURE TO STATE A CLAIM.

Multnomah County Defendants are entitled to dismissal for failure to state a claim as to all Plaintiffs.

####    1.    Dismissal of All Claims: Plaintiffs Philip Wolfe, Katalina Durden and Juniper Simonis.

There are no factual allegations by three of the four Plaintiffs, Philip Wolfe, Katalina Durden and Juniper Simonis, that identify the conduct of a Multnomah County Sheriff's Office deputy. Multnomah County Defendants are entitled to dismissal of all claims as to these three Plaintiffs.

To the extent Plaintiffs rely on a theory that the law enforcement efforts were coordinated, a constitutional violation requires actual participation in the event. *Boyd v. Benton Cty.*, 374 F.3d 773, 780 (9th Cir. 2004). This would include at a minimum participation in the plan and knowledge that the alleged force to be used was part of that plan. *Id*. at 780 (9th Cir. 2004) ("The facts of this case clearly support a finding that each officer involved in the search operation was an "integral participant."). First, as in James and Melear, the officers in this case stood armed behind Ellison while he reached into the doorway and deployed the flash-bang. Second, the use of the flash-bang was part of the search operation in which every officer participated in some meaningful way. There are no factual allegations that the Multnomah County Defendants were aware of or participated in any plans of other agencies that led to Plaintiffs' harm. As a result Plaintiffs fail to allege any claims under the constitution as to these three Plaintiffs.

/// /// ///

/// /// ///

Page 4 – DEFENDANT MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S
        MOTION TO DISMISS

### 2.    Dismissal of All Claims: Plaintiff Melissa Lewis

The single allegation by Plaintiff Melissa Lewis on August 9, 2020 is addressed

separately as follows.

### a.    *ADA and Rehabilitation Act*

Plaintiff Melissa Lewis' allegations fail to state a claim under the ADA and the

Rehabilitation Act. There are no facts showing that Plaintiff Melissa Lewis communicated her

disability to anyone. *Updike v. Multnomah Cty*., 870 F.3d 939, 957 (9th Cir. 2017). There was

and is nothing obvious about her appearance that indicated she was in fact disabled.

Complaint,¶12 (photosensitivity and connective tissue disorder). As a result there was no

obligation to consider an accommodation because there was no opportunity to do so. *Sheehan v.

City & Cty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), rev'd in part, cert. dismissed

in part sub nom. *City & Cty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 135 S. Ct. 1765,

191 L. Ed. 2d 856 (2015). The single letter sent by Disability Rights of Oregon was dated

September 4, 2020 only after the incident alleged by Melissa Lewis on August 9, 2020 is not

helpful.

Even assuming the Multnomah County Defendants were on notice the conduct was

reasonable as discussed below under the Fourth Amendment analysis. *Sheehan v. City & Cty. of

San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), rev'd in part, cert. dismissed in part sub

nom. *City & Cty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 135 S. Ct. 1765, 191 L. Ed.

2d 856 (2015) (The same standard of reasonableness under the Fourth Amendment also applies

to the ADA claims.). Although there was no clear emergency taking place in the moment, timing

was nonetheless an important element of assuring public safety under the circumstances in

response to the declaration of an unlawful protest. *Waller ex rel. Est. of Hunt v. Danville*, VA,

Page 5 – DEFENDANT MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S
        MOTION TO DISMISS

556 F.3d 171, 175 (4th Cir. 2009) ("If officers were not actually making split-second decisions, they were nonetheless operating under the pressure of time from the start. Just as the constraints of time figure in what is required of police under the Fourth Amendment, they bear on what is reasonable under the ADA."). Under these circumstances there is no reasonable opportunity to engage in an individualized accommodation in the context of controlling an unruly demonstration.

Finally, the Multnomah County Defendants take the position that *Sheehan v. City & Cty. of San Francisco,* 743 F.3d 1211, 1232 (9th Cir. 2014) (Fourth Amendment reasonableness informs reasonableness under the ADA)*, rev'd in part, cert. dismissed in part sub nom. City & Cty. of San Francisco, Calif. v. Sheehan,* 575 U.S. 600, 135 S. Ct. 1765, 191 L. Ed. 2d 856 (2015) either doesn't apply or was wrongly decided.

In *Sheehan*, the Ninth Circuit concluded that the ADA applies in the context of an investigation or an arrest. *Sheehan* 575 U.S at 1232 (2015). There is no case applying the ADA to the conduct of a deputy who, pursuant to the lawful order of another agency, is assisting in clearing protesters from a sidewalk. This is not the type of program or service that is otherwise subject to the ADA under *Sheehan*. See also *Vos v. City of Newport Beach*, 892 F.3d 1024, 1036 (9th Cir. 2018) ("Title VII applies to arrests.") but See *Murray v. City of Philadelphia*, 481 F. Supp. 3d 461, 474 (E.D. Pa. 2020) ("Plaintiffs have not offered sufficient evidence to support a finding that the City's encampment dissolution process is a "program, service, or activity").

Even assuming that *Sheehan* applies, the Multnomah County Defendants take the position that it was wrongly decided relying on reasoning in other circuits. *Hainze v. Richards*, 207 F.3d 795, 800-02 (5th Cir. 2000) ("Title II does not apply to an officer's on-the-street responses to reported disturbances or other similar incidents, whether or not those calls involve

Page 6 – DEFENDANT MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S
                 MOTION TO DISMISS

subjects with mental disabilities, prior to the officer's securing the scene and ensuring that there is no threat to human life."); *Waller v. City of Danville*, 556 F.3d 171, 175-76 (4th Cir. 2009) (rejecting claim that ADA constrained officers' tactical discretion during standoff with mentally ill person); *Thompson v. Williamson County*, 219 F.3d 555 (6th Cir. 2000); Bates v. *Chesterfield County*, 216 F.3d 367, 372 (4th Cir. 2000); *Gohier v. Enright*, 186 F.3d 1216, 1222 (10th Cir. 1999).

### b.    *Constitutional Claims*

As to the remaining constitutional claims, shoving and prodding her with a baton is not sufficient to state a claim. *Ingraham v. Wright*, 430 U.S. 651, 674 (1977) (constitution does not recognize *de minimis* violations) and *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.").

There must be some physical injury. *Johnson v. Heins*, No. 17-56799, 2021 WL 463444, at *2 (9th Cir. Feb. 9, 2021) (shove - which include dizziness, blackouts, a swollen face, a cut lip, a chipped tooth, cuts on both wrists, a damaged crown, and two dislocated fingers - were not *de minimis*). Plaintiff alleges no injuries.

Multnomah County Defendants are entitled to use some level of reasonable force under the circumstances to effectuate the dispersal of the crowd. *Barney v. City of Eugene*, 20 F. App'x 683, 685 (9th Cir. 2001).

To the extent this court finds that Plaintiff has stated a claim, we ask this court to look to evidence beyond the Complaint. FRCP 12(d) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be

Page 7 – DEFENDANT MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S
             MOTION TO DISMISS

treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").

Where there is conclusive video evidence the court may rely on that to resolve a dispute. *J. A. L. by & through Valdez v. Santos*, 724 F. App'x 531, 532–33 (9th Cir. 2018) citing *Scott v. Harris*, 550 U.S. 372, 380–81, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) ("facts must be viewed in the light most favorable to the nonmoving party," but where the record includes a video, a court "should ... *533 view[ ] the facts in the light depicted by the videotape.").

The only video of an incident in August of 2020 is that taken by Plaintiff Melissa Lewis. (Declaration of Kenneth Shipley, Jr. in Support of Response to Request for Preliminary Injunction, ¶¶6-10). The incident in question shows:

- MCSO deputies assisted the PPB in clearing the entrance to the Justice Center;

- Law enforcement moved deliberately and at a reasonable pace to move the protesters;

- Plaintiff Melissa Lewis moved slowly while walking backwards and filming law enforcement;

- MCSO deputies held their batons parallel to the protesters to form a uniform line;

- Plaintiff Melissa Lewis never made any statements that she was disabled; and

- Plaintiff Melissa Lewis never made any statements that she was injured.

(Declaration of Kenneth Shipley, Jr. in Support of Response to Request for Preliminary Injunction, ¶¶6-10). The deputies used verbal commands during the incident and followed their training. At no point did a deputy every swing and strike Plaintiff. Plaintiff never fell to the ground. This is the same practice that was used throughout the summer to allow employees into the Justice Center. This is not sufficient to support a claim under the Fourth Amendment.

Page 8 – DEFENDANT MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S
            MOTION TO DISMISS

As stated by Judge Immergut in *Wise v. City of Portland*, 483 F. Supp. 3d 956, 968 (D. Or. 2020):

> "Under Oregon law, Portland police have authority to disperse unlawful or riotous assemblies and arrest those who do not immediately comply. Or. Rev. Stat. § 131.675. Portland police are entitled to use some level of reasonable force under the circumstances to effectuate the dispersal. *Barney v. City of Eugene*, 20 F. App'x 683, 685 (9th Cir. 2001)."

The undisputed video evidence shows the deputies were reasonable.

This is not a case that falls within the scope of *Nelson v. City of Davis*, 685 F.3d 867 (9th Cir. 2012). In that case an officer fired pepper balls indiscriminately into a crowd of protestors causing harm. In this case there is no evidence that the Multnomah County Defendants engaged in that type of conduct. It is inconsistent with how the deputies are trained. Even assuming Plaintiffs had asked for an injunction to comply with the holding in *Nelson* there would be no basis for it since the Multnomah County Defendants' conduct complies with it.

In contrast Judge Mosman held in *Hicks v. City of Portland*, No. CV 04-825-AS, 2006 WL 3311552, at *1 (D. Or. Nov. 8, 2006) that Plaintiff's arrest during an anti-war protest in Portland, Oregon, in August 2003 was lawful. In that case the Portland Police Bureau issued warnings to clear the street and that failure to do so would result in arrest. *Id*. at 1 (2006). Plaintiff entered the street and was arrested. During her arrest she was grabbed by police, fell to the ground, was pulled up and then placed in a van. *Hicks* at 3 (2006). Plaintiff received an injury to her shoulder, a bruise over her left eye, and lost her sandals during the arrest. *Id*. In granting summary judgment the court balanced the intrusion on Plaintiff's right to be free from seizure with the governmental interests in controlling the protest. *Hicks* at 4 (2006).

Page 9 – DEFENDANT MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S
           MOTION TO DISMISS

In *Gomez v. City of Whittier*, 211 F. App'x 573 (9th Cir. 2006) the Ninth Circuit held that it was not clearly established that police officers' actions in making arrests after arrestees vociferously refused to comply with officers' instructions to clear sidewalk at crowded outdoor festival violated arrestees' Fourth Amendment rights, and thus officers were entitled to qualified immunity from liability on arrestees' § 1983 false arrest claims. Although the case did not find the conduct was constitutional, this case is persuasive given the similar facts.

This single claim is governed by the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 388, 109 S. Ct. 1865, 1867–68, 104 L. Ed. 2d 443 (1989) (adopting reasonableness test under Fourth not the Fourteenth Amendment). Both the substantive due process and equal protection clause do not apply. *Graham* made that clear.

As to the First Amendment claim, a single allegation by a deputy shoving and poking her with a baton is not sufficient to demonstrate conduct that chilled or deterred her right to free speech, *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999).

### c.    *Monell*

There are no underlying constitutional violations to support a *Monell* claim.

### E.    LACK OF STANDING

Plaintiffs must have standing to seek injunctive relief. Three elements make up the "irreducible constitutional minimum of standing": (1) injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Standing under the ADA requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will

Page 10 – DEFENDANT MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S
        MOTION TO DISMISS

vindicate the rights of the particular plaintiff rather than the rights of third parties. *Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 949 (9th Cir. 2011).

In the context of prospective injunctive relief, a plaintiff must "allege either 'continuing, present adverse effects" of a defendant's past illegal conduct, "or 'a sufficient likelihood that [they] will again be wronged in a similar way.' " *Villa v. Maricopa Cty*., 865 F.3d 1224, 1229 (9th Cir. 2017) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), and *City of L.A. v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)); *see also Thomas v. Cty. of Los Angeles*, 978 F.2d 504, 507 (9th Cir. 1992), as amended (Feb. 12, 1993). This may be demonstrated through a pattern of officially sanctioned behavior, violative of the plaintiffs' federal rights." *Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014) (emphasis in original) (simplified). The threat of repeated future injury, however, may not be "conjectural or hypothetical." *O'Shea*, 414 U.S. at 494 (1974). Standing to seek equitable relief also requires "a showing of an inadequate remedy at law and ... a serious risk of irreparable harm." *Pulliam v. Allen*, 466 U.S. 522, 537, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984); *see also O'Shea*, 414 U.S. at 499, 94 S.Ct. 669.

Multnomah County Defendants assert that Plaintiffs lack standing to assert a claim for injunctive relief in this case.

First, looking at allegations of past misconduct there is simply no demonstrated pattern of officially sanctioned behavior violative of the plaintiffs' federal rights to support a preliminary injunction as to the Multnomah County Defendants. There are no specific allegations of harm caused by the Multnomah County Defendants as to Plaintiffs Philip Wolfe, Katalina Durden or Juniper Simonis. Consequently there is no basis on this record to issue an injunction protecting

Page 11 – DEFENDANT MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S
                  MOTION TO DISMISS

those individuals. The only remaining isolated claim asserted by Plaintiff Melissa Lewis is not enough.

Second, looking at allegations of future harm, again there is no basis for a preliminary injunction against the Multnomah County Defendants. The frequency of the protests have significantly diminished to the point where there is no clear indication of when and if they will occur in the future. Plaintiffs offer no insight as to when they plan on demonstrating in the future. The possibility of harm is all but non-existent.

The Supreme Court's decision in *City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 103 S. Ct. 1660, 1667, 75 L. Ed. 2d 675 (1983) is guiding precedent in evaluating injunctive relief in the context of law enforcement use of force. In that case although plaintiff alleged he was subject to an improper choke hold during a traffic stop there was no evidence to indicate that the entire police force was likely to engage in that conduct despite allegations of other similar instances of harm. The court reached this conclusions despite a conclusory allegation that chokeholds were routine:

> "The additional allegation in the complaint that the police in Los Angeles routinely apply chokeholds in situations where they are not threatened by the use of deadly force falls far short of the allegations that would be necessary to establish a case or controversy between these parties."

*Id*. at 105 (1983).

Here Plaintiffs similarly rely on a single instance of force by the Multnomah County Defendants supported by other broad allegations of misconduct among law enforcement agencies in general. As in *Lyons* this is insufficient to establish standing under Article III.

Although the Ninth Circuit in *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 821 (9th Cir. 2020) upheld a request for injunctive relief with regard to the same

Page 12 – DEFENDANT MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S
        MOTION TO DISMISS

protests at issue in this case, Multnomah County was not a party. The injunction was issued on

July 2, 2020 in the height of the protests. The evidence offered by plaintiff was significant and

included nineteen (19) declarations and video and photographic evidence. *Index* at 826 (9th Cir.

2020). No such evidence is offered as to the Multnomah County Defendants in this case.

Based on the reasoning in *Lyons* and *Index*, Plaintiffs have no standing to seek injunctive

relief against the Multnomah County Defendants. Any conclusion with regard to future harm is

entirely speculative.

Plaintiffs' efforts to impugn the Multnomah County Defendants through an unsupported

theory of joint and several liability does not survive. Complaint, ¶25. Plaintiffs did not allege any

evidence that the Multnomah County Defendants were an integral participant in any of the

incidents in which Plaintiffs were harmed by other law enforcement agencies.

There is no other legal theory from which Plaintiffs can base this theory of joint and

several liability. See *Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th

Cir.1982) (vague and conclusory allegations of official participation in civil rights violations are

not sufficient to withstand dismissal) cited to in multiple cases denying a request for an

injunction including *Bermudez v. Ada*, 944 F.2d 908 (9th Cir. 1991) (no abuse of discretion in

denying preliminary injunction where claims were based on vague and conclusory allegations)

and *Karim-Panahi v. California Dep't of Transp.*, 996 F.2d 1225 (9th Cir. 1993) (numerous

conclusory allegations insufficient to support preliminary injunction).

Plaintiffs failed to allege sufficient facts to support a claim against the  Multnomah

County Defendants. This conclusion is dictated by the complete absence of any factual

allegations against the Multnomah County Defendants as to Plaintiffs Philp Wolfe, Katalina

Durden and Juniper Simonis. The single allegation by Plaintiff Melissa Lewis also does not rise

Page 13 – DEFENDANT MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S
         MOTION TO DISMISS

to the level of a constitutional harm. To the extent there are any remaining concerns, this court should look to the record created by Plaintiffs Motion for Preliminary Injunction and Response by the Multnomah County Defendants. This is not a case where additional discovery will somehow change the outcome. Multnomah County Defendants turned over every incident record relating to the dates in issue in their Response. There is no evidence of the coordination and collaboration Plaintiffs assert in their Complaint and no evidence of conduct where an MCSO deputy engaged in conduct that caused Plaintiffs' harm. Multnomah County Defendants should be dismissed with prejudice as to all Plaintiffs or in the alternative as to all Plaintiffs except Melissa Lewis.

DATED this 15th day of March, 2021.

Respectfully submitted,

JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON

**/s/ Christopher A. Gilmore**

Christopher A. Gilmore, OSB No. 980570
Senior Assistant County Attorney
*Of Attorneys for Defendants Multnomah County
and Sheriff Michael Reese*

Page 14 – DEFENDANT MULTNOMAH COUNTY AND SHERIFF MICHAEL REESE'S
         MOTION TO DISMISS