DANIEL SIMON, OSB #124544
Deputy City Attorney
dan.simon@portlandoregon.gov
LINDA LAW, OSB #943660
Chief Deputy City Attorney
linda.law@portlandoregon.gov
LINH T. VU, OSB #004164
Senior Deputy City Attorney
linh.vu@portlandoregon.gov
ELIZABETH C. WOODARD, OSB #075667
Deputy City Attorney
beth.woodard@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants City of Portland, Ted Wheeler, and Chuck Lovell*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| PHILIP WOLFE, KATALINA DURDEN, MELISSA LEWIS, JUNIPER SIMONIS, individually, and DISABILITY RIGHTS OREGON, an Oregon nonprofit and advocacy corporation, <br><br>　　　　　　　PLAINTIFFS, <br><br>　　v. <br><br>CITY OF PORTLAND, a municipal corporation; TED WHEELER, in his official capacity; CHUCK LOVELL, in his official capacity; MULTNOMAH COUNTY, a political subdivision of the State; MICHAEL REESE, in his official capacity; TERRI DAVIE, in her official capacity; CHAD WOLF, in his individual capacity; ALEJANDRO MAYORKAS, in his official capacity, DONALD WASHINGTON, in his individual and official capacity; and DOES 1-100, individual and supervisory officers of local, state, and federal government, <br><br>　　　　　　　DEFENDANTS. | 3:20-cv-01882-SI <br><br> **DECLARATION OF MARLON MARION** <br><br> **(In Support of Defendant City of Portland's Response to Plaintiffs' Motion for Preliminary Injunction)** |

Page  1  –  DECLARATION OF MARLON MARION

I, Marlon Marion, declare as follows:

1. I am employed by the City of Portland as Equity Manager of the Portland Police Bureau ("PPB or "the Bureau") assigned to the office of the Chief of Police. I have been employed by the Bureau since July 27, 2019. I was hired by the Bureau as Equity Analyst in July 2019 and stepped in as interim Equity Manager in November 2019. I was promoted to Equity Manager in January 2020.

2. Prior to joining the City of Portland, I was working as Portland State University's African American Student Coordinator from 2012 to July 2019.

3. My role as Equity Manager is to review and develop the Bureau's hiring and equity training practices through an equity lens by completing actions within the Bureau's Racial Equity Plan. The Equity Manager also manages the Bureau's public involvement projects and processes when collaboration with community stakeholders is considered.

4. I am also the ADA Coordinator for the Bureau. As its ADA Coordinator, my responsibilities include but are not limited to: providing support to the Bureau in carrying out its programs, services, or activities in compliance with Title II of the ADA; coordinating with Bureau members and leadership in working with the disability community; collaborating with property stewards in removal of barriers for persons with disabilities seeking access to police facilities; assisting the Bureau in implementing the City's ADA Transition Plan; serving as an initial bureau contact for requests for ADA modifications or accommodations; and undertaking assessments and making recommendations for ADA relevant improvements in the Bureau's programs, services and activities. In addition, I collaborate on a regular basis with the ADA Program Manager at the City's Office of Equity and Human Rights (OEHR) or my other city bureau colleagues who serve as those bureaus' ADA Coordinators.

5. I am aware that Portland City Council reaffirmed the City's ADA Title II Non-Discrimination Policy and established rules, procedures and forms to implement the program through Portland Ordinance No. 186277, attached hereto as *Exhibit 111* (passed October 9,

2013; available at https://efiles.portlandoregon.gov/Record/6059361/File/Document/.)  The City's ADA Non-Discrimination Policy is binding policy for all City bureaus pursuant to ADM 18.21, is attached hereto as *Exhibit 112* (available at https://www.portland.gov/policies/administrative/civil-rights/adm-1821-city-portland-americans-disabilities-act-title-ii-non).

6. I am aware that the City adopted as binding policy the ADA Title II Complaint Procedures as ADM 18.20, attached hereto as *Exhibit 113* (available at https://www.portland.gov/policies/administrative/civil-rights/adm-1820-ada-title-ii-complaint-procedures). The administrative rule was recently amended in September 2019 with an updated set of procedures (available at https://www.portland.gov/sites/default/files/2020-06/amended2019-adm-18.20-title-ii-ada-complaint-procedure-nc-final-746406.pdf).

7. I am aware that the City Council and City Bureaus reaffirmed their commitment and support for a robust standard of Civil Rights Title VI and ADA Title II compliance pursuant to Portland Resolution 37450 (passed October 9, 2019) attached as *Exhibit 114*, https://efiles.portlandoregon.gov/Record/13297442/File/Document/. This commitment is reflected as binding City policy ADM 18.32, attached as *Exhibit 115* (available at https://www.portland.gov/policies/administrative/racial-equity-goals-and-strategies/adm-1832-civil-rights-title-vi-and-ada).

8. I am aware the Bureau has published ADA relevant information on its website at https://www.portlandoregon.gov/police/article/767813. Attached as *Exhibit 116.*  This page provides information to the public on how to request an ADA accommodation, modification, translation, interpretation, or language services.  Information is also provided on how to make a complaint or seek additional information on the Bureau's Civil Rights Title VI and ADA Title II policies and procedures.  A person with disabilities who needs to make a request for modification, translation, interpretation or language services, or who may require an auxiliary aid or service for effective communication with PPB, or who wishes to file a complaint pertaining to

Page  3  –   DECLARATION OF MARLON MARION

ADA matters, are directed to contact PPB's Civil Rights Title VI and ADA Title II Coordinator by phone, by email, TTY (TeleTYpe) at 503-823-6868, or Oregon Relay Service at 711.

9. Separately, the City's Office of Equity and Human Rights provides support and resources to all City bureaus on Title II of the ADA issues. This support includes managing and providing ADA accommodation requests and complaints, as well as strategies to increase meaningful access to all City programs, services and activities. OEHR's information can be found at its website: https://www.portlandoregon.gov/oehr/66532. Attached hereto is a copy of the page as **Exhibit 117**.

10. When an ADA Coordinator receives an ADA accommodation request, the request is documented in writing to promote clarity regarding the specific modification sought by the requester and understanding of the individual circumstances. Where the request is something that can be easily accomplished such as providing Bureau documents in larger font sizes, an ADA Coordinator often will provide the assistance (an example would be printing a bureau document in printed enlarged font size or arranging for ASL interpreter at a meeting) or may redirect the request to another Bureau member who may be better able to assist the requester. Where the request requires evaluation by managers or decisionmakers within the Bureau or requires substantive knowledge about Bureau programs, services or activities found within a police unit or division, the ADA Coordinator would facilitate communication between the requester and the appropriate Bureau personnel who can address the request and make a decision. The ADA Coordinator would also provide expertise, knowledge and resources regarding ADA to assist other Bureau personnel when needed.

11. During my tenure with PPB as its ADA Coordinator, I have not received any requests for ADA accommodations related to the protests beginning in late May 2020, after George Floyd's killing.

///

///

Page  4  –  DECLARATION OF MARLON MARION

12. I make this declaration in support of Defendant City of Portland's Response to Plaintiffs' Motion for Preliminary Injunction.

**I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.**

DATED: MARCH 15, 2021

Marlon Marion