JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Christopher A. Gilmore, OSB No. 980570
Senior Assistant County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone:  (503) 988-3138
Facsimile:   (503) 988-3377
Email: chris.gilmore@multco.us
   *Of Attorneys for Defendants Multnomah County
   and Michael Reese*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| **PHILIP WOLFE, KATALINA DURDEN**, and **JACKSON TUDELA,** individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF PORTLAND**, an Oregon municipal corporation, and **MULTNOMAH COUNTY**, a political subdivision of the State of Oregon, and **DOES 1-100**,<br><br>Defendants. | Civil No. 3:20-cv-01882-SI<br><br>DEFENDANT MULTNOMAH COUNTY'S MOTION TO DISMISS<br><br>FRCP 12(b)(1) and (6)<br><br>**Oral Argument Requested** |

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with Plaintiffs in a good faith effort to resolve the issues but they remain unresolved at the time of the filing of this motion.

/// /// ///

/// /// ///

Page 1 – DEFENDANT MULTNOMAH COUNTY'S MOTION TO DISMISS

**MOTION**

Defendant Multnomah County moves this court pursuant to FRCP 12(b)(1) and (6) to dismiss all claims for: (1) lack of standing and mootness for all equitable claims for relief, (2) failure to state a claim as to Plaintiffs Phillip Wolfe and Katalina Durden, (3) a single isolated claim is not enough to support a claim for systemic relief, and (4) failure to state a claim for compensatory damages. As a result the First Amended Complaint should be dismissed as to Defendant Multnomah County.

**MEMORANDUM**

**A.   NATURE OF THE CASE**

This case alleges violations of the Americans with Disabilities Act and the Rehabilitation Act against the City of Portland and Multnomah County "for failing to establish policies, procedures, and officer training for policing protests and implementing crowd control and public safety measures that afford people with disabilities the same opportunity to engage in protest-related activities as non-disabled protesters." (First Amended Complaint, ¶ 7).  Plaintiffs are disabled or, in the case of Jackson Tudela, associated with a person who is disabled.  (First Amended Complaint, ¶ 10).

The specific systemic allegations are that Defendants failed to provide effective communication for people with disabilities during protests. This failure results in force prior to giving persons with disabilities a reasonable opportunity to disperse effectively preventing them from participating in the protests. (First Amended Complaint, ¶¶145-155).  Plaintiffs allege that Defendant Multnomah County is jointly liable for this failure because they actively coordinate with the City of Portland on a regular basis in providing crowd control.  (First Amended

Page 2 – DEFENDANT MULTNOMAH COUNTY'S MOTION TO DISMISS

Complaint, ¶138).  Plaintiffs assert the same or similar allegations under the Rehabilitation Act.

(First Amended Complaint, ¶¶140-155).

The relief requested includes declaratory and injunctive relief as well as compensatory damages and attorney fees.

### B. MATERIALS FACTS

The factual allegations against Defendant Multnomah County fall into two categories: (1) conclusory allegations of joint liability relating to systemic violations, and (2) specific factual allegations relating to an incident that occurred on September 26, 2020.

#### 1. *Joint Liability*

Plaintiffs assert joint liability in this case as follows:

> "Plaintiffs are informed, believe, and thereupon allege that the City and PPB often enlist other law enforcement agencies to provide assistance or backup in crowd control during protests. Plaintiffs are further informed, believe, and thereupon allege that the City and PPB typically coordinate with the County and the Sheriff's deputies to be present at protests and to provide assistance or backup in implementing crowd control measures."

(First Amended Complaint, ¶38).  Plaintiffs further allege:

> "Plaintiffs are informed, believe, and thereupon allege that, both PPB and the Sheriffs work in tandem to respond to protests in Portland and, as a result, each agency is liable for failing to provide reasonable accommodations to Plaintiffs and other protesters with disabilities and the resulting harm."

(First Amended Complaint, ¶ 39).  In support of these conclusory allegations, Plaintiffs identify Executive Orders issued by Governor Kate Brown that authorized unified command between the State of Oregon and Multnomah County on specific dates. (First Amended Complaint, ¶ 40).

/// /// ///

/// /// ///

Page 3 – DEFENDANT MULTNOMAH COUNTY'S MOTION TO DISMISS

### 2. *September 26, 2020*

In addition to the conclusory statements of joint liability, Plaintiffs offer a single instance of force used on September 26, 2020. On that night, the Portland Police Bureau declared a riot. (First Amended Complaint, ¶ 106). The crowd began moving backwards. (First Amended Complaint, ¶ 106). Police pushed the crowd and hit them with batons. (First Amended Complaint, ¶ 106). The crowd turned into a stampede. (First Amended Complaint, ¶ 106). Plaintiffs, Katalina Durden and Jackson Tudela, were caught up in the crowd. (First Amended Complaint, ¶ 108). They were knocked down by the police. (First Amended Complaint, ¶ 108). During the arrest, Plaintiffs allege:

> "Defendants' officers surrounded Jack, who was unable to quickly get up after being shoved to the ground, and proceeded to violently arrest Jack. The arresting Sheriff's deputy grabbed Jack by the hair and slammed their face into the ground, which busted their lip. Additionally, the arresting Sheriff's deputy, along with other of Defendants' officers, lifted Jack by their arm with a bad shoulder in a stress position and slammed Jack against a vehicle so hard that the car alarm went off."

(First Amended Complaint, ¶ 110).

### C.  STANDARD OF REVIEW

Defendant Multnomah County accepts this Court's statement of the standard of review under FRCP 12(b)(1) and (6) as stated on pages 4-6 of the Opinion and Order, Docket #143. Because the ADA and the Rehabilitation Act follow the same analysis no distinction is made between the two claims in the following arguments. *Vos v. City of Newport Beach*, 892 F.3d 1024, 1036 (9th Cir. 2018).

/// /// ///

/// /// ///

/// /// ///

Page 4 – DEFENDANT MULTNOMAH COUNTY'S MOTION TO DISMISS

### D.    EQUITABLE RELIEF

After briefing and oral argument on the question of standing and mootness under the original Complaint this Court ruled as follows:

> "Under the specific facts of this case, considering the significantly reduced number of protests, protest crowd size, police response to protests, and deployment of less lethal munitions and aerosol restraints, the Court finds that Plaintiffs' alleged future injury is now too speculative and conjectural to provide Plaintiffs with the legally cognizable interest necessary to support ongoing claims for future injunctive relief. *Clark*, 259 F.3d at 1012; *see also Index Newspapers*, 977 F.3d at 825 (noting that for future injunctive relief, the injury must be "certainly impending, or there is a substantial risk the harm will occur" (quoting *In re Zappos.com, Inc.*, 888 F.3d 1020, 1024 (9th Cir. 2018))."

(Opinion and Order, p. 18, Docket #143).  Plaintiffs fail to allege additional facts in support of the claim for injunctive relief. The only difference between the Complaint and the First Amended Complaint is the absence of Melissa Lewis and Juniper Simonis and the addition of Jackson Tudela.  Evidence of the number of protests remains substantially unchanged.  As a result, dismissal is warranted as to Defendant Multnomah County.

The attempts at establishing joint liability are not well taken. There is no "team theory" of joint liability under the ADA. *Jones v. Williams,* 297 F.3d 930, 936 (9th Cir. 2002) ("* * * the court examines each officer's conduct rather than employing a "team effort" approach that simply "lump[s] all the defendants together.").  Other cases support this conclusion. See *Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand dismissal); *Bermudez v. Ada*, 944 F.2d 908 (9th Cir. 1991) (no abuse of discretion in denying preliminary injunction where claims were based on vague and conclusory allegations) and

*Karim-Panahi v. California Dep't of Transp.*, 996 F.2d 1225 (9th Cir. 1993) (numerous conclusory allegations insufficient to support preliminary injunction).

### E.  PHILIP WOLFE AND KATALINA DURDEN FAIL TO STATE A CLAIM

This Court ruled as follows on the original Complaint:

> "Plaintiffs Phillip Wolfe, Katalina Durden, and Juniper Simonis do not allege any facts specifically against the County Defendants. Plaintiffs do not respond to this argument. Plaintiffs' response brief combines the conduct of all Defendants in arguing that Plaintiffs' adequately allege sufficient harm. The Court agrees that Plaintiffs Wolfe, Durden, and Simonis do not allege facts regarding the conduct of any Multnomah County personnel and the Court grants this aspect of the County Defendants' motion."

There are no additional facts in the First Amended Complaint alleging conduct by a Multnomah County Defendant as it relates to Phillip Wolfe and Katalina Durden.  As a result, the First Amended Complaint should be dismissed as to those two Plaintiffs.

### F.  SINGLE ISOLATED CLAIM IS NOT ENOUGH

The only remaining claim in support of Plaintiffs' request for systemic relief is the association claim of Jackson Tudela. The isolated incident pled in the First Amended Complaint is not sufficient to rise to the level of a pattern and practice supporting a theory of systemic violations.  *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977) (Plaintiff must prove more than the mere occurrence of isolated or "accidental" or sporadic discriminatory acts).  As a result the First Amended Complaint should be dismissed.

### G.  COMPENSATORY RELIEF

Finally "compensatory damages are not available under Title II or § 504 absent a showing of discriminatory intent."  *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998).  Deliberate indifference standard governs showing of intentional discrimination. *Duvall v.*

Page 6 – DEFENDANT MULTNOMAH COUNTY'S MOTION TO DISMISS

*Cty. of Kitsap*, 260 F.3d 1124 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001). This requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood. *Id.* Mere negligence is not enough; there must be an element of deliberateness. *Duvall* at 1124 (9th Cir. 2001).

The Court on the original Complaint ruled:

> "* * * the facts alleged by Plaintiffs, even taking all well-pleaded factual allegations as true, do not show that in responding to protests the City has a practice or custom of violating the constitutional rights of persons with disabilities."

(Opinion & Order, p. 29). The same applies to any argument in turn that the County had a practice or custom of violating the constitutional rights of persons with disabilities. *See* Opinion & Order, p. 34: "Plaintiffs fail to allege facts showing that a policy of the County Defendants amounts to deliberate indifference to any specific Plaintiff's constitutional rights." The First Amended Complaint fails to address this deficiency and as such dismissal of the compensatory claims is warranted.

## CONCLUSION

For the reasons set forth above the First Amended Complaint should be dismissed as to Defendant Multnomah County.

DATED this 10th day of January, 2022.

Respectfully submitted,

JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON

**/s/ Christopher A. Gilmore**
_____
Christopher A. Gilmore, OSB No. 980570
Senior Assistant County Attorney
  *Of Attorneys for Defendant Multnomah County*

Page 7 – DEFENDANT MULTNOMAH COUNTY'S MOTION TO DISMISS