DANIEL SIMON, OSB #124544
Deputy City Attorney
dan.simon@portlandoregon.gov
LINDA LAW, OSB #943660
Chief Deputy City Attorney
linda.law@portlandoregon.gov
LINH T. VU, OSB #004164
Senior Deputy City Attorney
linh.vu@portlandoregon.gov
ELIZABETH C. WOODARD, OSB #075667
Deputy City Attorney
beth.woodard@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants City of Portland*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| PHILIP WOLFE, KATALINA DURDEN, and JACKSON TUDELA, individuals, | **3:20-cv-01882-SI** |
| PLAINTIFFS, | **DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | |
| CITY OF PORTLAND, an Oregon municipal corporation; and MULTNOMAH COUNTY, a political subdivision of the State of Oregon; and DOES 1-100, | |
| DEFENDANTS. | |

## LR 7-1 CERTIFICATION

Counsel for defendant City of Portland certifies that counsel for defendants and counsel for plaintiffs have made good faith effort to resolve the issues in dispute and have been unable to do so. Counsel conferred via online video conference on January 10, 2022.

Page  1 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

## I.    MOTIONS

Defendant City of Portland ("the City") moves the Court to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs include two individuals with disabilities, Philip Wolfe and Katalina Durden, and Katalina Durden's sighted guide, Jackson Tudela. Plaintiffs bring ADA claims and Section 504 claims. Specifically, the City moves the Court for an Order:

- Dismissing Plaintiffs' Complaint for lack of standing pursuant to Rule 12(b)(1);
- Alternately, dismissing Plaintiffs' Complaint for failure to state a claim under Rule 12(b)(6).

Defendant City's motions are based on the memorandum of law in support of the motion below including Exhibit 1, a redlined version of the Amended Complaint, and the complete court file, including the Court's Opinion and Order of October 8, 2021 (ECF 143) and Plaintiffs' Amended Complaint (ECF 150).

## II.    STANDARD OF REVIEW

### A.    Incorporation of Opinion and Order Standards of Review

For brevity in briefing, the City incorporates this Court's 12(b)(6), 12(b)(1), and Standing standards of review as set forth in the Opinion and Order. (ECF 143 at 4 – 8). The City additionally incorporates this Court's findings on the admissibility of evidence outside the pleadings to decide factual jurisdictional challenges pursuant to 12(b)(1). (ECF 143 at 10 -11).

## III.    FACTUAL SUMMARY

The original Plaintiffs filed their Complaint in this matter on November 1, 2020. (ECF 1). The Court dismissed Plaintiffs' claims in their entirety by its Opinion and Order dated October 8, 2021 and granted Plaintiffs leave to refile. (ECF 143).

The Amended Complaint presents several notable revisions. A copy of a red-lined Amended Complaint is attached to the Declaration of Daniel Simon as Exhibit 1. In summary, Plaintiff Jackson Tudela joins this suit and alleges associational discrimination claims as Plaintiff Durden's sighted guide. Plaintiffs Melissa Lewis, Juniper Simonis, and Disability Rights Oregon

Page  2 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

(DRO) withdrew their claims and are no longer parties to this action. All Plaintiffs abandoned First, Fourth, Fifth and Fourteenth Amendment claims (including *Monell* claims) and now proceed solely under the ADA and Rehabilitation Act.

Even with these substantial revisions, as to Plaintiffs Wolfe and Durden, the Amended Complaint presents no new relevant factual allegations or legal theories. In its Opinion and Order, the Court found changed circumstances mooted Plaintiffs' injunctive and declaratory relief claims. The Court additionally provided Plaintiffs a roadmap for alleging viable compensatory claims, which Plaintiffs have essentially ignored in this Amended Complaint.

Protest activity has remained at a minimal level in the three months since dismissal. Although Plaintiffs' Amended Complaint adds a great deal of new factual allegations, it contains only **one** new allegation of Plaintiff protest related activity since October 2021. Specifically, Plaintiff Wolfe attended a protest on November 19, 2021 near the Justice Center. (ECF 150 ¶ 71). Plaintiff Wolfe does not allege any ADA violations related to his disability at this protest. Plaintiff Wolfe also alleges that he left that protest without any interaction with the Portland Police Bureau (PPB). Similarly, Plaintiff Wolfe does not allege any accessibility issues with announcements made at any time on that date.

Neither Plaintiff Durden nor Plaintiff Tudela allege protest attendance at any time after the Court issued its Opinion and Order of October 8, 2021. (ECF 150 ¶¶ 81 – 114). The last date of protest attendance alleged for both Plaintiff Durden and Plaintiff Tudela is September 26, 2020—more than a month before the filing of the original Complaint and over a year before this Court's Opinion and Order of October 2021.

The vast majority of Plaintiffs' additional factual allegations provide non-essential background, provide information related to protest dates on which Plaintiffs do not allege injury, and discuss numerous incidents related to police conduct outside the state of Oregon. As demonstrated by the red-lined Amended Complaint, the ADA and Rehabilitation Act claims are essentially recycled verbatim with no attempt to synthesize the Court's Opinion and Order.

Page  3 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

IV.    **ARGUMENT**

The City relies on and incorporates its prior briefing in this matter as if fully set forth herein. The City additionally joins and adopts prior and concurrent briefing by the County as if fully set forth herein. In addition to its prior briefing, the City submits the following arguments in support of its Motion to Dismiss.

A.    Plaintiffs Lack Standing for Injunctive Relief

The City incorporates this Court's analysis in its Opinion and Order related to the changed circumstances surrounding PPB's response to protests. As the Court stated:

> Under the specific facts of this case, considering the significantly reduced number of protests, protest crowd size, police response to protests, and deployment of less lethal munitions and aerosol restraints, the Court finds that Plaintiffs' alleged future injury is now too speculative and conjectural to provide Plaintiffs with the legally cognizable interest necessary to support ongoing claims for future injunctive relief. *Clark*, 259 F.3d at 1012; *see also Index Newspapers*, 977 F.3d at 825 (noting that for future injunctive relief, the injury must be "certainly impending, or there is a substantial risk the harm will occur" (quoting *In re Zappos.com, Inc.*, 888 F.3d 1020, 1024 (9th Cir. 2018)). The current situation in Portland is that there are intermittent protests of reduced size. In some circumstances these protests are declared an unlawful assembly, and in only some of those instances might a law enforcement response result in the alleged injury-producing police conduct. Almost no such conduct, however, occurred in June, July, or August, 2021. By contrast, the Complaint involved protests that were almost daily declared unlawful assemblies with a law enforcement response that included allegedly injury-producing conduct.

(ECF 143 at 18).

Plaintiff Wolfe alleges only one protest attendance since the Court issued its Opinion and Order on October 8, 2021. Plaintiffs Durden and Tudela allege none. Moreover, as the Court has already noted, Plaintiffs' conjectural claims that they fear future harm at protests are insufficient to satisfy the requirement for standing. (See ECF 143, at 13, *citing Index Newspapers LLC v. United States Marshals Serv.,* 977 F.3d 817, 825 (9th Cir. 2020) (quoting *Clapper v. Amnesty Intl. USA,* 568 U.S. 398, 420 (2013))). Accordingly, Plaintiffs cannot demonstrate a legally

Page  4 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

cognizable interest necessary to support claims for future injunctive relief. The City requests Plaintiffs' claims for injunctive relief be dismissed.

      B.    <u>Plaintiffs Lack Standing for Declaratory Relief</u>

Because Plaintiffs lack standing to pursue injunctive relief, they also lack standing to pursue declaratory relief. (See ECF 143 at 22).

Additionally, as noted by this Court, HB 2928 now defines the circumstances under which law enforcement may use less than lethal munitions and chemical agents in a crowd control setting, requires law enforcement to provide announcements both audibly and visually when possible, and requires law enforcement to take reasonable action to accommodate disabilities when issuing or enforcing orders to disperse. (ECF 143 at 22).

Accordingly, Plaintiffs still fail to show certainly impending injury necessary for the requested declaratory relief. Plaintiffs' claims for declaratory relief should be dismissed.

      C.    <u>Plaintiffs Lack Standing to Bring Claims for all Protesters with Disabilities</u>

Former Plaintiff DRO is a nonprofit advocacy organization for persons with disabilities that is the federally mandated Protection and Advocacy System for the state of Oregon. (ECF 1 ¶ 14). DRO previously argued associational and organizational standing to bring claims on behalf of all disabled Oregonians. In its Opinion and Order, this Court held DRO's organizational standing was directly tied to Defendants' underlying conduct—and that Defendants' future conduct was too speculative to support standing based on changed circumstances. (ECF 143 at 21, fn. 10). DRO is no longer a party to this suit, and no current plaintiff has standing to bring claims on behalf of *all* protesters with disabilities.

The Amended Complaint contains numerous allegations related to individuals with disabilities unrelated to Plaintiffs Wolfe or Durden. As a non-exhaustive list, the Amended Complaint alleges the following:

- Plaintiffs bring this Amended Complaint to focus the Court on how the burden of [Defendants'] tactics has fallen disproportionately on them ***and other protesters with disabilities effectively chilling the free speech rights of that entire population***. (ECF

Page  5 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

150 ¶ 6).

- Defendants have failed to establish policies, procedures, and officer training for policing protests and implementing crowd control and public safety measures that afford *people with disabilities* the same opportunities to engage in protest-related activities as non-disabled protesters. . . Plaintiffs and ***other people with disabilities*** are subject to use of force and are chilled from participating in protests. (ECF 150 ¶ 7).

- [V]erbal orders provided by Defendants are often contradictory, ever-changing, and confusing making it difficult for anyone, and essentially impossible for people who are blind or low vision *or* ***who have mobility impairments*** to comply with those Orders. (ECF 150 ¶ 9).

- Defendants also fail to provide reasonable accommodations as required by the ADA and the Rehabilitation Act in their crowd dispersal methods. Individuals ***with mobility impairments*** require additional time to be physically able to comply with dispersal orders, but Defendants rarely provide them with any time—much less additional time—to comply before Defendants use force against them. (ECF 150 ¶ 46).

- Plaintiffs are informed, believe, and thereupon allege that Defendants have not enacted any similar policies, procedures, or training to provide protesters with disabilities an equal opportunity to avoid harm by police officers. Plaintiffs are further informed, believe, and thereupon allege that there are no directives. . . ***providing people with mobility disabilities*** an accessible route to escape teargas, or otherwise providing modifications to ensure that ***people with disabilities*** have a reasonable opportunity to comply with dispersal orders. (ECF 150 ¶ 128).

[emphasis added throughout].

Plaintiffs can only bring claims as to their individual injuries and disabilities. To the extent Plaintiffs' Complaint seeks relief on behalf of all protesters with disabilities and beyond their individual damages, Plaintiffs' claims should be dismissed.

D.    Plaintiff Jack Tudela's Associational Discrimination Claims Fail

Title II of the ADA, unlike Titles I and III, does not expressly contemplate suits by non-disabled plaintiffs for discrimination because of the plaintiff's association with an individual who is disabled. *See Popovich v. Cuyahoga Cnty. Court of Common Pleas, Domestic Relations Div.*, 150 F. App'x 424, 426 (6th Cir. 2005). Federal regulations, however, provide that "[a] public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is

Page  6 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

known to have a relationship or association." 28 C.F.R. § 35.130(g). Because of that regulation—as well as Congress's clear intent that Title II be construed consistently with Titles I and III—courts agree that associational discrimination claims are permitted under Title II of the ADA. *See MX Grp., Inc. v. City of Covington*, 293 F.3d 326, 333-35 (6th Cir. 2002) (collecting cases). *Kim v. Beaverton Sch. Dist. 48J*, No. 3:20-CV-2025-SI, 2021 WL 2188238, at *7 (D. Or. May 28, 2021).

Courts further agree that to have standing to bring an associational discrimination claim, a plaintiff must suffer an injury independent from the injury suffered by the disabled individual with whom the plaintiff associates. *Innovative Health Sys., Inc. v. City of White Plains*, 117 F.3d 37, 47-48 (2d Cir. 1997) *recognized as superseded on other grounds by Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 171 n.7 (2d Cir. 2001). The Ninth Circuit has not yet addressed an associational discrimination claims under Title II of the ADA but district courts throughout the circuit appear to be in consensus that a plaintiff may bring an associational discrimination claim but only if the plaintiff has suffered an injury independent of the injury suffered by his or her disabled associate. *See*, *e.g., Glass v. Hillsboro Sch. Dist. 1J*, 142 F. Supp. 2d 1286, 1288 (D. Or. 2001); *Cortez v. City of Porterville*, 5 F. Supp. 3d 1160, 1164-66 & n.2 (E.D. Cal. 2014). *Kim*, WL2188238 at *7 (D. Or. May 28, 2021).

An individual who is denied access to a public entity's services because the individual is associated with a disabled person has suffered an independent injury. *See* 28 C.F.R. Pt. 36, App. C, Section 36.205 Association ("[I]t would be a violation of this part for a day care center to refuse admission to a child because his or her brother has HIV disease."). An individual who is harmed because of an entity's discrimination against his or her disabled associate has also suffered an independent injury. The Second Circuit, for example, held that two children of deaf parents suffered an independent injury because of their association with their disabled parents when a hospital failed to provide the children's deaf father, a hospital patient, a sign language interpreter. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 279-82 (2d Cir. 2009). The

Page  7 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

hospital's refusal to provide the children's father a sign language interpreter independently harmed the children because it caused the children to become interpreters for doctors seeking to speak with the children's parents, sometimes causing the children to miss school. *Id.* Similarly, a plaintiff who was harmed because of an entity's discrimination against his or her disabled associate could bring an associational discrimination claim. *Glass*, 142 F. Supp. 2d at 1291-92 (hypothesizing that "[i]f a non-disabled companion is excluded from theater because of his or her association with a disabled individual (for example, no room in the theater for wheelchairs), then the non-disabled companion suffers direct harm to his or her own independent right to be in the theater because of the association with a disabled person."). *Kim*, WL2188238 at *8.

Here, Plaintiff Tudela alleges in conclusory fashion, "Defendants targeted them [plaintiffs Tudela and Durden] precisely because they were working together as paired blind person and sighted guide." (ECF 150 ¶ 109). Plaintiff Tudela additionally alleges (in summary) that County Defendants used excessive force to effect [their] arrest and made disparaging remarks about [their] press status. (ECF 150 ¶ 110).

Plaintiff Tudela admits PPB declared an unlawful assembly and "law enforcement officers" moved towards the protesters. (ECF 150 ¶ 106). Plaintiff Tudela does not allege they were unable to hear or understand the PPB announcements, or that they were unable to comply with any PPB announcements and orders to disperse because they were aiding or assisting Plaintiff Durden.

As requested by the Court, the City provided a full summary of dispersal order for all protests as part of its Supplemental Briefing. (ECF 132 at 7). On September 26, 2020, PPB's first warning occurred at 20:57. PPB then declared an unlawful assembly nearly three hours later at 23:41. PPB and MCSO then began to disperse the crowd at 23:44. (*Id.*)

To sustain associational standing, Plaintiff Tudela must show: 1) they suffered an injury 2) distinct from Plaintiff Durden and 3) association with Plaintiff Durden was the cause of the injury. Here, Plaintiff Tudela cannot meet this burden. Plaintiff Tudela alleges their separate

Page  8 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

injury was their arrest. (ECF 150 ¶ 110). As fully briefed in the City's Reply in support of its Motion to Dismiss, all protesters, including those with disabilities *and their guides*, are subject to dispersal orders. (ECF 106 at 4-5). To the extent Plaintiffs Durden and Tudela identify as press, the current Order in *Index News* provides press may be subject to incidental use of force where they remain in an area after a dispersal order is given.

The court may draw the reasonable inference that PPB's crowd control measures are designed and enacted to effect a general effort to disperse a crowd, rather than any invidious discriminatory or retaliatory intent against disabled protesters as a group. *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) ("As between that 'obvious alternative explanation' for the arrests, and the purposeful, invidious discrimination respondent asks us to infer, discrimination is not a plausible conclusion." (citation omitted)).

Plaintiff Tudela was arrested after failing to comply with lawful dispersal orders. Accordingly, Plaintiff cannot demonstrate an injury sufficient to sustain claims for associational discrimination and should be dismissed.

      E.     <u>Plaintiffs Wolfe and Durden still Fail to State a Claim for Relief</u>

A review of the redlined Amended Complaint illustrates Plaintiffs Wolfe and Durden make no substantive changes to allege *relevant* facts or legal theories different from those alleged in the original Complaint. Specifically, Plaintiffs wholly ignore the Court's discussion of the requirements to plead facts demonstrating deliberate indifference to sustain its ADA and Rehabilitation Act claims. (ECF 143 at 30 –31, 31 n. 15). The redlined Amended Complaint illustrates Plaintiffs did not alter the bare allegations contained in the original Complaint or add relevant additional facts to support these claims (Declaration of Daniel Simon, Exhibit 1 ¶¶ 155, 182) Accordingly, the Court should dismiss Plaintiffs' claims for the reasons set forth in the Court's Opinion and Order.

**V.    CONCLUSION**

Plaintiffs lack standing to bring these claims and have failed to plead facts sufficient to

Page  9 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS

sustain their claims for relief. The City requests this Court dismiss Plaintiffs' claims in their entirety.

     DATED: January 10, 2022.

                              Respectfully submitted,

                              */s/ Elizabeth C. Woodard*
                              DANIEL SIMON, OSB #124544
                              Deputy City Attorney
                              dan.simon@portlandoregon.gov
                              LINDA LAW, OSB #943660
                              Chief Deputy City Attorney
                              linda.law@portlandoregon.gov
                              LINH T. VU, OSB #004164
                              Senior Deputy City Attorney
                              linh.vu@portlandoregon.gov
                              ELIZABETH C. WOODARD, OSB #075667
                              Deputy City Attorney
                              beth.woodard@portlandoregon.gov
                              *Of Attorneys for City of Portland*

Page  10 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS