JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Christopher A. Gilmore, OSB No. 980570
Senior Assistant County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone: (503) 988-3138
Facsimile: (503) 988-3377
Email: chris.gilmore@multco.us
*Of Attorneys for Defendant Multnomah County*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

**PHILIP WOLFE, KATALINA DURDEN**, and **JACKSON TUDELA,** individuals,

Plaintiffs,

v.

**CITY OF PORTLAND**, a municipal corporation, and **MULTNOMAH COUNTY**, a political subdivision of the State,

Defendants.

Civil No. 3:20-cv-01882-SI

DEFENDANT MULTNOMAH COUNTY'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT MULTNOMAH COUNTY'S SECOND MOTION TO DISMISS

Defendant Multnomah County submits the following Reply to Plaintiffs' Response to Defendant Multnomah County's Second Motion to Dismiss:

**A. DISMISSAL OF PHILIP WOLFE AND KATALINA DURDEN**

As a preliminary matter, Plaintiffs failed to respond to Defendant Multnomah County's argument that there are no facts supporting claims by Phillip Wolfe or Katalina Durden. For that

reason, these Plaintiffs claims are subject to dismissal. There are no events from which Defendant Multnomah Count used force or arrested as it relates to Phillip Wolfe and Katalina Durden. There claims as to Defendant Multnomah County should be dismissed.

## B. NO BASIS FOR JOINT LIABILITY

Turning to the remaining arguments, Plaintiffs continue to assert that Defendant Multnomah County is liable under a misplaced theory of joint liability. (Plaintiffs' Response, pp. 12-14). Plaintiffs object to considering Fourth Amendment jurisprudence in evaluating whether there is joint liability and offers two district court cases regarding disability discrimination in the school system. Plaintiffs' arguments are misplaced on both counts.

### a. No Factual Basis for Joint Liability

Plaintiffs offer no factual allegations that Defendant Multnomah County was responsible for providing the services at issue in this case. The only incident involving any assistance by Multnomah County occurred on August 9, 2020. Plaintiffs identify two paragraphs in support of joint law enforcement services, ¶¶83 and 110. Plaintiffs' Response, p. 14, ¶110 is the single incident on August 9, 2020. Paragraph 83 states:

> 83. Katie and Jacob spent the majority of the evening near the fence surrounding the Justice Center. At no point were Katie and Jacob within fifteen feet of the fence. PPB, the Sheriffs, and other law enforcement agencies were stationed on the other side of the fence firing tear gas and flashbangs into the crowd.

The fact that Multnomah County Deputies were stationed at the Justice Center where the Multnomah County jail is located is no surprise. This fact does not support a reasonable inference that Multnomah County participated jointly in crowd control for the remaining allegations against the City of Portland.



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

**b. Fourth Amendment Applies to Question of Joint Liability**

Application of Fourth Amendment jurisprudence is appropriate based on *Vos v. City of Newport Beach*, 892 F.3d 1024 (9th Cir. 2018) and *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), rev'd in part, cert. dismissed in part sub nom. *City & Cty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 135 S. Ct. 1765, 191 L. Ed. 2d 856 (2015). The Ninth Circuit has made it clear that during an arrest the analysis under the ADA follows the Fourth Amendment. The natural extension of that reasoning is liability for failure to accommodate in an arrest would only extend to those officers who were integral participants in the arrest itself. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir.1996). Here there is no evidence of any participation of any deputy other than the single occurrence on August 9, 2020.

**c. Plaintiffs' School Discrimination Cases Don't Apply**

Neither *D.K. ex rel. G.M. v. Solano Cty. Off. of Educ.*, 667 F. Supp. 2d 1184, 1192, n. 8 (E.D. Cal. 2009) nor *Emma C. v. Eastin*,, 985 F. Supp. 940, 948 (N.D. Cal. 1997) are helpful in this case. Both are non-binding. Both are distinguishable.

In *D.K.*, disabled students allege they suffered abuse at the hands of special education teachers working for the Solano County Office of Education ("SCOE"). The Benicia Unified School District ("BUSD") moved for dismissal. BUSD argues they did not deny any services to the Plaintiffs and are not responsible for the employees of SCOE. The Court concluded that because BUSD was responsible for providing education programs and specifically contracted with SCOE to provide those same programs for persons with disabilities, the Complaint sufficiently alleged facts demonstrating liability to both BUSD and SCOE.

In *Emma*, disabled students allege the Ravenswood City School District failed to provide them with a free appropriate public education relative to other similar situated students. The



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

Defendants include California's Superintendent of Public Instruction Delaine Eastin, the California Department of Education ("CDE"), and several members of the California Board of Education (collectively referred to as the "State Defendants"). The State Defendants moved for dismissal on multiple grounds including the adequacy of the ADA and Section 504 claims. Plaintiffs' Complaint alleged Ravenswood violated Section 504 and the ADA in a variety of ways, and that the conduct of the State Defendants has perpetuated this discrimination. *Emma* at 948 (N.D. Cal. 1997). The Court denied the State's motion.

Neither case is helpful. Both involve agencies responsible by statute for providing educational services. In that context the Defendant, either specifically contracted out with another agency to provide services or were directly responsible for the service by way of state law. Here there is no specific contract with the City of Portland to provide "crowd control" for the City nor is there any statutory obligation to provide this service within the City of Portland.

**d. Other Cases Do Not Support Joint Liability**

Other cases outside of the law enforcement context provide no insight to the case at hand. *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015)(joint liability between landlord and tenant). In tort law, joint liability means that each wrongdoer is "liable for the entire damage done." *United States v. Thompson*, 990 F.3d 680, 690 (9th Cir.), cert. denied, 142 S. Ct. 616 (2021). In this context, there is simply no basis to support the conclusion that Defendant Multnomah County is independently liable for the crowd control tactics used by the City of Portland. See discussion of facts below.

/// /// ///

/// /// ///

/// /// ///



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

**e. Defendant Multnomah County Did Not "Significantly Assist" the City of Portland**

To the extent this Court looks to the plain text of the ADA in analyzing joint liability, 24 C.F.R. § 8.4(b)(1)(v) prohibits discrimination as follows:

> "Aid or perpetuate discrimination against a qualified individual with handicaps by providing significant assistance to an agency, organization, or person that discriminates on the basis of handicap in providing any housing, aid, benefit, or service to beneficiaries in the recipient's federally assisted program or activity."

There are few, if any, cases clarifying what is meant by "significant assistance." Merriam Webster's defines "assistance" as "the act of helping or assisting someone or the help supplied." https://www.merriam-webster.com/dictionary/assistance. "Significant" in turn means:

1: **having meaning**

especially: SUGGESTIVE

// a significant glance

2a: **having or likely to have influence or effect**: IMPORTANT

// a significant piece of legislation also: of a noticeably or measurably large amount

// a significant number of layoffs producing significant profits

b: **probably caused by something other than mere chance**

// statistically significant correlation between vitamin deficiency and disease

https://www.merriam-webster.com/dictionary/significant. There are no facts demonstrating that Defendant Multnomah County assisted the City of Portland in crowd control throughout the protests and more specifically in the events identified in the Amended Complaint. There simply is no basis for a juror to conclude that Defendant Multnomah County provided "significant assistance" under this Subsection of the ADA.



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

**C. Association Claim Not Supported By "Time and Opportunity" to Accommodate**

The only remaining claim is the association claim of Jackson Tudela. Because Plaintiff Tudela's association with Katalina Durden was not known until the arrest was in progress this claim must be dismissed. Walking with linked arms is not sufficient to infer Plaintiff Jackson Tudela was a sighted guide for Katalina Durden. That conduct is more consistent with resisting arrest. *Felarca v. Birgeneau*, 891 F.3d 809 (9th Cir. 2018) and *Headwaters Forest Def. v. Cty. of Humboldt*, 276 F.3d 1125, 1128 (9th Cir. 2002), as amended (Jan. 30, 2002). The Amended Complaint states that during a stampede of protestors:

> "* * * the arresting Sheriff's deputy, along with other of Defendants' officers, lifted Jack by their arm with a bad shoulder in a stress position and slammed Jack against a vehicle so hard that the car alarm went off. As all of this was happening, Jack repeated, with an increasing sense of urgency, that they were serving as a sighted guide to a disabled member of the press."

Nothing about these facts suggest the Deputy had "time and the opportunity to assess the situation and potentially employ the accommodations." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1037 (9th Cir. 2018). Screaming during the chaos of a protest while being arrested leaves no room for an inference that the Deputy could have accommodated Plaintiff Jackson Tudela based on his association with Katalina Durden. There is no evidence of deliberate indifference. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001).

**D. No Standing for Injunction or Compensatory Damages**

For these same reasons, any claim for injunctive relief or compensatory damages falls short. The absence of joint liability defeats any claim for injunctive relief while the absence of time and opportunity to deliberate indifference defeats any claim under the ADA.



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

This Court provided Plaintiffs an opportunity to amend their Complaint to provide the factual detail that would otherwise support a claim for injunctive relief. Instead of improving the record in that regard, Plaintiffs offer additional argument with little if any facts that would change the outcome of this Court's original Opinion and Order denying injunctive relief. This is particularly true with regard to Defendant Multnomah County. The entire case hangs by the slender thread of Plaintiffs' theory of joint liability. That theory does not hold water.

Even if this Court finds there is a basis for joint liability, the facts still remain unchanged with regard to Defendant Multnomah County whether they are addressed through the lens of a request for injunctive relief or mootness. This Court's conclusion remains true:

> "Under the specific facts of this case, considering the significantly reduced number of protests, protest crowd size, police response to protests, and deployment of less lethal munitions and aerosol restraints, the Court finds that Plaintiffs' alleged future injury is now too speculative and conjectural to provide Plaintiffs with the legally cognizable interest necessary to support ongoing claims for future injunctive relief."

## CONCLUSION

For the above reasons Defendant Multnomah County is entitled to dismissal of all claims.

DATED this 24th day of February, 2022.

Respectfully submitted,

JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON

**/s/ Christopher A. Gilmore**

Christopher A. Gilmore, OSB No. 980570
Senior Assistant County Attorney
*Of Attorneys for Defendant Multnomah County*



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138