**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILIP WOLFE, KATALINA DURDEN, and JACKSON TUDELA, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF PORTLAND, an Oregon municipal corporation; and COUNTY OF MULTNOMAH, a political subdivision of the State of Oregon, et al., <br><br> Defendants-Appellees. | No.   22-35530 <br><br> D.C. No. 3:20-cv-01882-SI <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted August 23, 2023
Portland, Oregon

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Appellants are individuals with disabilities and an associate: Philip Wolfe is deaf, Katalina Durden is blind, and Jackson Tudela is Durden's sighted guide. They allege they were injured when police broke up unlawful assemblies or riots in

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Portland in 2020 by deploying crowd-control measures before Appellants could leave the vicinity. Appellants filed suit against the City of Portland and the County of Multnomah, asking the district court (1) to declare that Portland's crowd-control policies violate Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act (ADA); (2) to issue preliminary and permanent injunctions mandating modifications to those policies; and (3) to award them compensatory damages.

The district court dismissed their claims for declaratory and injunctive relief as moot, dismissed their claims for damages as insufficiently alleged under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and dismissed their suit with prejudice. Appellants appeal dismissal. We review both dismissals for mootness and dismissals under Rule 12(b)(6) de novo. *Dep't of Fish & Game v. Fed. Subsistence Bd.*, 62 F.4th 1177, 1179 (9th Cir. 2023); *Disability Rts. Mont., Inc. v. Batista*, 930 F.3d 1090, 1096 (9th Cir. 2019).

"Dismissal on mootness grounds is 'justified only if it [is] absolutely clear that the litigant no longer ha[s] any need of the judicial protection that it sought.'" *Pizzuto v. Tewalt*, 997 F.3d 893, 903 (9th Cir. 2021) (alterations in original) (quoting *Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925, 933 (9th Cir. 2008)). Appellees have identified significant intervening changes in state law and Portland police crowd-control procedures that collectively provide accommodations

that match and exceed the ones Appellants sought with respect to communication of orders to disperse and allowance of enough time for disabled protesters to evacuate the vicinity of the riots or unlawful assemblies. *See* Or. Rev. Stat. §§ 131.675, 162.247(3), 181A.708; Portland Police Bureau Internal Directive 635.10 §§ 5.7–.8, 8.4.2.2. And they chronicled the precipitous decrease in violent protests in Portland, as well as the cessation of police interventions akin to those alleged in Appellants' complaint in any protest, since Appellants filed their complaint. Appellants no longer have any need of judicial protection, as they already have obtained the relief they sought.

To defeat Appellees' motions to dismiss their damages claims, Appellants needed to plead facts that would allow a court to reasonably infer that each Appellee engaged in the injurious conduct they challenge. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022). For damages under Section 504 of the Rehabilitation Act or Title II of the ADA, Appellants had to allege nonspeculative facts that each Appellee was on notice of Appellants' need for reasonable accommodations to equally participate in protests, but was deliberately indifferent to that need. *Bax v. Drs. Med. Ctr. of Modesto, Inc.*, 52 F.4th 858, 865–68 (9th Cir. 2022) (Section 504); *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 969 (9th Cir. 2021) (Title II).

3

Appellants reference pages in their complaint where they claim they did so with respect to each Appellee. But those pages do not plead *any* facts specific to the county: they merely make undifferentiated allegations that lump together the city and county Appellees, which does not satisfy the requirement that a complaint contain "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Nor did Appellants offer sufficient facts with respect to the City of Portland. The pages of their complaint that they purport contain specific and detailed allegations that the city should have known that its crowd-control policies and procedures were not effective at communicating with Appellants, contain only generic allegations and bald legal conclusions. And the pages Appellants point to as evidence that they made specific and detailed factual allegations about their unsuccessful attempts to obtain specific types of relief from the city do not mention making such attempts.

Accordingly, the district court correctly concluded that Appellants' claims for declaratory and injunctive relief were mooted by intervening events and that their claims for Rehabilitation Act and ADA compensatory damages insufficiently pleaded deliberate indifference. The district court properly granted Appellees' motions to dismiss.

**AFFIRMED.**